Thomas M. Biesty (NY Bar No. 4172896)
(*pro hac vice* application pending)
(202) 326-3043 / tbiesty@ftc.gov
Rhonda Perkins (VA Bar No. 75300)
(*pro hac vice* application pending)
 (202) 326-3222 / rperkins@ftc.gov
Andrew Hudson (DC Bar No. 469817)
(*pro hac vice* application pending)
(202) 326-2213 / ahudson@ftc.gov
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580

Local Counsel
John Jacobs (CA Bar No. 134154)
(310) 824-4300 / jjacobs@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
(310) 824-4380 (fax)

Attorneys for Plaintiff
Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, <br><br>      Plaintiff, <br><br>  vs. <br><br> **OTA Franchise Corporation**, et al., <br><br>      Defendants. | No. 8:20−cv−287 <br><br> **Plaintiff's Noticed *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue** |

      Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure and Local Civil Rules 65-1 and 7-19, Plaintiff, the Federal Trade Commission ("FTC"),

hereby applies to this Court for a noticed *ex parte* temporary restraining order ("TRO") with an asset freeze, appointment of a temporary receiver, and other equitable relief. In support of this application, the FTC states the following:

    1.    As alleged in the Complaint, and described more fully in Plaintiff's Memorandum of Law in Support of the TRO Application and accompanying exhibits, Defendants are engaged in a nationwide fraudulent scheme claiming to offer consumers a money-making trading strategy.  Defendants target older consumers, and represent that consumers are likely to earn substantial income trading with Defendants' "patented strategy," if they purchase Defendants' expensive "training." Defendants have no reasonable basis to support this representation as they do not track the trading performance of their customers.  In reality, most purchasers do not make the advertised income.  Indeed, many, if not most, lose money, and numerous purchasers are additionally mired in high interest debt Defendants induced them to take out to fund their purchases.  Numerous purchasers paid Defendants tens of thousands of dollars, with some paying $50,000 or more.  Many victims affected by this scheme are older consumers with limited ability to replace their lost savings.

    2.    Defendants have been aware of the FTC's fraud investigation for nearly a year.  That knowledge, however, did not lead Defendants to curtail their deceptive practices.  As a result, consumers continue to be harmed by Defendants' ongoing unlawful conduct.

    3.    Defendants' deceptive practices violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Consumer Review Fairness Act of 2016, 15 U.S.C § 45b.

    4.    The FTC therefore seeks an *ex parte* TRO:

        a)    Temporarily restraining Defendants from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, includ-

ing, specifically, by making false or unsubstantiated earnings claims, and from unlawfully inhibiting consumers' ability to review and share information about Defendants and their services with law enforcement agencies and others;

b) Appointing a temporary Receiver over the Corporate Defendants;

c) Temporarily freezing the Corporate Defendants' assets;

d) Restraining and enjoining Defendants and certain third parties from destroying or concealing documents, and from transferring, concealing, or otherwise disposing of assets;

e) Requiring Defendants to identify all assets, repatriate Corporate Defendants' assets located outside the United States, and make an accounting of their present financial condition and certain business information;

f) Requiring Corporate Defendants to provide immediate access to their business premises for inspection and preservation of evidence;

g) Providing other equitable relief; and

h) Requiring Defendants to show cause why this Court should not issue a preliminary injunction extending such temporary relief pending adjudication on the merits.

5. The FTC provided notice of this application to Defendants. As detailed in the accompanying Certification and Declaration of FTC counsel Thomas Biesty, Defendants have known of the FTC's fraud investigation for nearly a year, have known that the FTC intended to file this action for nearly two weeks, have been provided with a draft copy of the FTC's complaint, and were explicitly notified of the FTC's intent to seek a TRO on February 11, 2020. Defendants oppose this application.

6. Lodged concurrently is a proposed TRO.

WHEREFORE, the FTC respectfully requests that this Court grant this application by entering the proposed TRO.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

Dated: February 12, 2020     /s/ Thomas M. Biesty
Thomas M. Biesty
Rhonda Perkins
Andrew Hudson
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-3043 / tbiesty@ftc.gov
(202) 326-3222 / rperkins@ftc.gov
(202) 326-2213 / ahudson@ftc.gov

John Jacobs
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
(310) 824-4300 / jjacobs@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2020, I caused a copy of the foregoing Plaintiff's Noticed *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue to be served on all parties in the manner specified below:

**Via Email**

Leonard L. Gordon
Venable LLP
1270 Avenue of the Americas
New York, NY 10020
(212) 370-6252 /
lgordon@venable.com

Eric Berman
Katherine Wright Morrone
Venable LLP
600 Massachusetts Ave NW
Washington, DC 20001
(202) 344-4661 /
esberman@venable.com
(202) 344-4262 /
kwmorrone@venable.com

*Counsel for Defendants OTA Franchise Corporation, Newport Exchange Holdings, Inc., NEH Services, Inc., Eyal Shachar, Sam Seiden, and Darren Kimoto*

                                                    /s/ Thomas M. Biesty
                                                      Thomas M. Biesty