TIMOTHY P. JOHNSON (BAR NO. 66333)
BARRON & NEWBURGER, P.C.
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CA 92705
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@bn-lawyers.com

Attorneys for Applicant Universal Guardian Acceptance LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Federal Trade Commission, | Case No. 20-cv-00287-JVS-KES |
|---|---|
| Plaintiff, | |
| vs. | APPLICATION TO SEAL PORTIONS OF PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DECLARATION OF CONNOR GEIRAN |
| OTA Franchise Corporation, et al. | |
| Defendants. | |

### APPLICATION TO SEAL

Pursuant to Civil Local Rule 79-5.1, Applicant Universal Guardian Acceptance LLC (UGA) submits this Application to seal the following:

-1-

APPLICATION TO SEAL                           Case No. 20-cv-00287-JVS-KES

A. As to Plaintiff's Memorandum in Support of its Motion for a Temporary Restraining Order:

1. **The percentage on page 24, line 10, after "very few";**
2. **The phrase on page 24, line 11, after "a large proportion";**
3. **The percentage on page 24, line 27, after "shows that";**
4. **The percentage on page 25, line 02, after "more than".**

B. As to the Declaration of Connor Gieran in Support of Plaintiff's Motion for a Temporary Restraining Order:

5. **The number on page 4, line 16 after "were";**
6. **The percentage on page 4, line 17, before "of the loans";**
7. **The number on page 4, line 24, after "There were";**
8. **The percentage on page 4, line 25, after "That is";**
9. **The number on page 5, line 06, after "There were";**
10. **The percentage on page 5, line 07, after "That is";**
11. **The number on page 5, line 15, after "There were";**
12. **The percentage on page 5, line 17, before "of the loans";**
13. **The number on page 5, line 25, after "were";**
14. **The percentage on page 5, line 26, after "That is".**

Compelling reasons exist to seal the confidential portions of these documents. Disclosure of the confidential information described above would be economically harmful to UGA and its affiliates as described in the attached Declaration of Eric Lueders which, as a third-party to this litigation, produced its confidential and proprietary information to Plaintiff prior to the filing of this litigation in response to a Civil Investigative Demand issued to it by Plaintiff. Accordingly, UGA respectfully requests that the above described portions of Plaintiff's pleadings filed in this action be sealed.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Underlying Facts

UGA through its affiliate, Universal Account Services, LLC ("UAS"), provides clerical and administrative services, as well as a technology platform, to assist retail sellers such as Newport Exchange Holdings, Inc., OTA Franchise Corporation, and/or an OTA franchise (collectively, "OTA") with the origination and servicing of service retail installment contracts, retail installment credit agreements, and/or credit contracts (collectively, "Accounts"). On certain occasions, UGA purchases Accounts from OTA, and UAS provides billing services for such Accounts.

UGA received a Civil Investigative Demand ("CID") from Plaintiff Federal Trade Commission ("Plaintiff" or "FTC") on or about September 14, 2019 regarding information and documents relating to retail installment contracts involving OTA. UGA timely responded fully and completely to the CID and provided all documents and information responsive to the CID. Certain of the documents and information were marked as "Confidential" including the information that is the subject of this Application. Plaintiff in the CID advised that the CID was "confidential" and the subject of "a nonpublic FTC law enforcement investigation". Plaintiff further advised that it "will use information You provide in response to the CID for the purpose of investigating violations of the laws the FTC enforces" and that it "will not publicly disclose such information without giving You prior notice".

Prior to filing its Complaint with the Court, the FTC did reach out to UGA in order to afford it an opportunity to seek to protect the information it produced as part of its response to the CID. While the FTC discussed in the abstract certain items it intended on including in the Complaint, neither precise examples of the disclosures, nor a copy of the draft Complaint were shared with UGA. Given the uncertainty and

-3-

the substantial harm to UGA if its proprietary information was left unprotected, UGA requested the FTC seek to file such information under seal.

### B. Documents Filed With a Court May Be Sealed to Avoid Harm That May Result From the Disclosure of Confidential Information.

As noted by the United States Supreme Court in *Nixon v. Warner Communications*, 435 U.S. 589, 598, 98 S.Ct. 1306, (1978): "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes" including "as sources of business information that might harm a litigant's competitive standing…"

Two standards apply generally to the determination regarding the sealing of documents. In the case of judicial records such as is the case here, the "compelling reasons" standard is applicable. "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.' [Citation] To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings…outweigh the general history of access and the public policies favoring disclosure.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

Where the "compelling reasons" standard is applicable as in this case, "a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypotheses or conjecture'. *Id.* at 679. The *Pintos* court described "relevant factors to "include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous

-4-

purposes or infringement upon trade secrets." *Id.* at 679, ftnt. 6

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to …release trade secrets' [citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)]…Other examples of compelling reasons include when a court record might be used… 'as sources of business information that might harm a litigant's competitive standard.'" *Intervention911 v. City of Palm Springs*, 2018 U.S. Dist. LEXIS 47672 at *28 (C.D. Cal. March 22, 2018).

As a result, information regarding "business strategy" in *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2011 U.S. Dist. LEXIS 143942 at *7-12 (D. Ariz. Dec. 13, 2011); and "financial information and analysis" in *Krieger v. Atheros Commc'ns, Inc.*, 2011 U.S. Dist. LEXIS 68033 at *4 (N.D. Cal. June 25, 2011) were sealed.  This protection extends to third parties whose nonpublic information was obtained through pre-trial discovery.  ("[C]onfidential and proprietary technical information that was obtained from third-parties … and could cause harm to the third parties" was ordered to be sealed in *Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 U.S. Dist. LEXIS 21721 at *7 (N.D. Cal. March 10, 2010 .

As the court in *TriQuint* summarized in addressing the potential disclosure of one of the issues before it:  "TriQuint has limited its redactions to certain numbers that would reveal [confidential] information to competitors.  Because TriQuint would be harmed if this information were revealed to the public and only a limited amount of information will be kept from the public, the Court finds that TriQuint has shown compelling reasons to seal volume of sales information…" *Id.* at *9.

In this case, UGA is not a party to this litigation and only provided the

confidential information that is the subject of this Application in response to the CID from Plaintiff. The Ninth Circuit has recognized that special consideration should be given to nonparties who are burdened by the potential disclosure of confidential information through discovery. *Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *In re Pioneer Corp.*, 2019 U.S. Dist. LEXIS 197102 at *14 (C.D. Cal. Jan. 9, 2019); *Khukhrov v. NLRB*, 2017 U.S. Dist. LEXIS 221922 (C.D. Cal. June 27, 2017).

The numbers and percentages that are the subject of this Application is a narrowly drawn request to seal and those numbers and percentages constitute confidential and competitively sensitive business information to UGA and its affiliates.

Not only is the information that is the subject of this Application confidential and sensitive to UGA and its affiliates but it contains limited information that would be of little interest to anyone in the general public other than business competitors of UGA and its affiliates. As the Court may note from a review of Mr. Gieren's Declaration from which the data that is the subject of this Application is drawn in Plaintiff's Temporary Restraining Order, Mr. Gieren does not reach any conclusions regarding the significance of the data that is the subject of this Application or in any way explain the significance of the specific numbers and percentages which would provide any basis to the public to draw any conclusions regarding the significance of the data but rather he merely states the data provided by UGA in response to the CID.

The Declaration of Eric Lueders explains the significant potential for economic harm that may result from the disclosure of the specific numbers and percentages identified in Plaintiff's Memorandum in Support of its Motion for a Temporary Restraining Order and the Declaration of Connor Gieren in support of that Motion.

-6-

APPLICATION TO SEAL                                Case No. 20-cv-00287-JVS-KES

While the information that is the subject of this Application will likely provide little information of value to the general public, it will provide specific information to UGA's competitors and to businesses that deal with UGA and its affiliates regarding their accounts, such as debt repair companies that may be used against UGA and its affiliates to their economic detriment.

All of the confidential information that is the subject of this Application to Seal are internal to UGA and were only disclosed as a result of the CID issued to UGA by Plaintiff and identified as "confidential" in the responses to the CID. Disclosures of this data would provide access to its competitors and companies that it does business with confidential information regarding its pricing models and its experience with its accounts.

For the foregoing reasons, UGA respectfully requests that the Court grant this Application to Seal.

Dated: February 18, 2020

BARRON & NEWBURGER, P.C.

By: _____/s/Timothy Johnson_____
TIMOTHY P. JOHNSON
Attorneys for Applicant
Universal Guardian Acceptance LLC

# PROOF OF SERVICE BY MAIL
C.C.P. §1013(a), C.R.C. 2003(3), 2005(I)

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

On February 18, 2020, I served the foregoing document described as **APPLICATION TO SEAL** on all interested parties in this action by:

    ✓    placing  \_ the original  ✓  a true copy thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

    \_    **BY MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U. S. Postal Service on the same day with postage thereon fully prepaid at Santa Ana, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    X    **BY E-MAIL:** I caused the foregoing document to be transmitted by e-mail to the e-mail addresses on the attached mailing list;

    \_    **BY FACSIMILE TRANSMISSION:** From Fax No. (714) 832-1179 to the facsimile numbers listed on the attached mailing list. The facsimile machine I used complied with Rule 2003(3), and no error was reported by the machine.

    X    **BY OVERNIGHT DELIVERY:** I enclosed said document(s) in an envelope or package provided by the overnight service carrier and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or regularly utilized drop box of the overnight service carrier or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents.

    ✓    **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

    \_    **FEDERAL:** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on February 18, 2020, at Santa Ana, California.

                    /s/Timothy Johnson
                TIMOTHY P. JOHNSON

APPLICATION TO SEAL                   Case No. 20-cv-00287-JVS-KES

BARRON & NEWBURGER, P.C.

**FTC v. OTA Franchise Corporation et al.**
**USDC, Case No. 20-cv-00287**

# MAILING LIST

| | |
|---|---|
| Thomas M. Biesty, Esq.<br>Federal Trade Commission<br>600 Pennsylvania Ave., NW, CC-8528<br>Washington, D.C. 20580<br>tbiesty@ftc.gov | Attorney for Plaintiff<br>Federal Trade Commission |
| John Jacobs, Esq.<br>Federal Trade Commission<br>10990 Wilshire Blvd., Suite 400<br>Los Angeles, CA 90024<br>jjacobs@ftc.gov | Attorney for Plaintiff<br>Federal Trade Commission |
| Mark L. Eisenhut, Esq.<br>Call and Jensen APC<br>610 Newport Center Drive, Suite 700<br>Newport Beach, CA 92660<br>meisenhut@calljensen.com | Attorneys for Defendants |

-9-

APPLICATION TO SEAL                    Case No. 20-cv-00287-JVS-KES