Thomas M. Biesty (NY Bar No. 4172896)
(202) 326-3043 / tbiesty@ftc.gov
Rhonda Perkins (VA Bar No. 75300)
(202) 326-3222 / rperkins@ftc.gov
Andrew Hudson (DC Bar No. 469817)
(202) 326-2213 / ahudson@ftc.gov
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580

Local Counsel
John Jacobs (CA Bar No. 134154)
(310) 824-4300 / jjacobs@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
(310) 824-4380 (fax)

Attorneys for Plaintiff
Federal Trade Commission

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, | No. 8:20-CV-00287 JVS (KESx) |
| Plaintiff, | |
| vs. | **Notice of Lodging Proposed Preliminary Injunction** |
| **OTA Franchise Corporation**, et al., | |
| Defendants. | |

Plaintiff Federal Trade Commission hereby lodges the attached proposed preliminary injunction as to all Defendants. On February 25, 2020, this Court entered a Temporary Restraining Order ("TRO") requiring Defendants to refrain from making false and unsubstantiated marketing claims and from violating the Consumer Review Fairness Act. The TRO has also frozen the Corporate

Defendants' assets and prevented dissipation of the Individual Defendants' assets. Dkt. No. 46.  The Court held a hearing on March 12, 2020 for Defendants to show cause why a preliminary injunction should not issue against them.  *See* Dkt. No. 87.  On March 17, 2020, the Court directed the FTC to lodge a proposed preliminary injunction that continues to preserve Defendants' assets, facilitates the appointment of an independent monitor to review Defendants' advertising and sales claims, and reflects the modifications adopted by the Court at Docket Nos. 64 and 87.

Pursuant to the Courts' instructions, the FTC lodges the attached proposed preliminary injunction, which is substantially similar to the TRO and includes the same conduct relief.  In this proposed order, the prohibition on the collection of loan payments protects purchasers of Defendants' services from being placed in collections for past due debts owed to Defendants that were incurred prior to the preliminary injunction.  It also includes the following terms: (1) appointment of a monitor; (2) freeze of the Corporate Defendants' assets; (3) preservation of the Individual Defendants' assets; (4) exceptions to the asset freeze allowing Corporate Defendants to make payments for certain expenses in the ordinary course of business; and (5) a provision requiring Corporate Defendants to record live sales events to facilitate the monitor's review of Defendants' sales practices.

The FTC previously recommended Thomas McNamara as a temporary receiver in this matter.  Dkt. No. 15.  Based on his experience in receiverships and monitorships as described in that recommendation, the FTC proposes that the Court appoint Mr. McNamara as the monitor in this matter.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | ALDEN F. ABBOTT |
| | | General Counsel |
| | Dated:  March 20, 2020 | /s/ Rhonda Perkins |
| | | Thomas M. Biesty |
| | | Rhonda Perkins |
| | | Andrew Hudson |
| | | Federal Trade Commission |
| | | 600 Pennsylvania Ave., NW |
| | | Mailstop CC-8528 |
| | | Washington, DC 20580 |
| | | (202) 326-3043 / tbiesty@ftc.gov |
| | | (202) 326-3222 / rperkins@ftc.gov |
| | | (202) 326-2213 / ahudson@ftc.gov |
| | | |
| | | John Jacobs |
| | | Federal Trade Commission |
| | | 10990 Wilshire Boulevard, Suite 400 |
| | | Los Angeles, California 90024 |
| | | (310) 824-4300 / jjacobs@ftc.gov |
| | | |
| | | Attorneys for Plaintiff |
| | | FEDERAL TRADE COMMISSION |