Thomas M. Biesty (NY Bar No. 4172896)
(202) 326-3043 / tbiesty@ftc.gov
Rhonda Perkins (VA Bar No. 75300)
(202) 326-3222 / rperkins@ftc.gov
Andrew Hudson (DC Bar No. 469817)
(202) 326-2213 / ahudson@ftc.gov
Roberto Anguizola (IL Bar No. 6270874)
(202) 326-3284 / ranguizola@ftc.gov
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580

Local Counsel
John Jacobs (CA Bar No. 134154)
(310) 824-4300 / jjacobs@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
(310) 824-4380 (fax)

Attorneys for Plaintiff
Federal Trade Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> vs. <br><br> **OTA Franchise Corporation**, et al., <br><br> Defendants. | No.   8:20-CV-00287 JVS (KESx) <br><br> **Plaintiff Federal Trade Commission's Supplemental Brief in Opposition to Defendants' *Ex Parte* Application for Approval to Pay Litigation Costs and Attorneys' Fees** |

For the reasons set forth more fully in the FTC's Opposition (Dkt. No. 166, "Opp."), the Court should deny Defendants' request to use frozen or preserved assets to pay their litigation costs and attorney's fees. At the Court's direction

1

(Order on Ex Parte Applications ("Order"), Dkt. No. 173), the FTC submits this supplemental brief to: (i) clarify its understanding of "untainted" sources; (ii) clarify its position that tracing of funds is not necessary to impose a freeze (Dkt. No. 159 at 11) and its statement that the FTC does not object to the use of "untainted" funds to pay legal fees (Dkt. No. 166 at 4, 16); and (iii) advise the Court of the FTC's position regarding directing the Monitor to review Defendants' attorney's fees requests.

## TRACING AND UNTAINTED FUNDS

As the FTC noted in its Opposition, tracing is not required for the freeze and preservation of assets in FTC enforcement actions, such as this one. *See FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 601 (9th Cir. 2016) ("[T]he tracing requirements for 'equitable' restitution do not apply in § 13(b) actions.") (citing *FTC v. Bronson Partners, LLC*, 654 F.3d 359, 373-74 (2d Cir. 2011). This Court can freeze assets, and ultimately order their turnover for final relief, regardless of whether they are traceable to Defendants' fraud. *See* Dkt. 160 at 12. The Court's "equitable powers are comprehensive," and, "[t]o ensure that 'complete rather than truncated justice' is done," the Court may "'go beyond matters immediately underlying its equitable jurisdiction and decide whatever other issues and give whatever other relief may be necessary under the circumstances." *Id.* at 599 (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 398 (1946)). Thus, for example, it is of no moment that a defendant's assets may be held as community property with his spouse—the asset freeze is still fully enforceable to preserve those assets to fund ultimate relief.[1]

---

[1] Defendants (Dkt. 168, p.3) argue otherwise, citing *FTC v. Vylah Tech LLC*, 328 F. Supp. 3d 1326, 1336 (M.D. Fla. 2018). But *Vylah Tech* refused to freeze certain assets based on evidence that they were derived from income the non-defendant spouse had earned separately. That is not the case here. Dkt. 161-1. Nor is the distinction relevant because in California assets earned during marriage are reachable by creditors of a single spouse. Cal. Family Code §§760 & 910.

2

1    The FTC also noted in its Opposition that "Defendants have the right to use
2 their own untainted money to pay for whatever they please," (Opp. at 4) and that
3 "Defendants do not offer evidence to show that they cannot obtain funds from non-
4 tainted sources to pay their counsel." Opp. at 16. FTC counsel's word choice was
5 perhaps inartful. To clarify, the FTC's position is that the preliminary injunction
6 ("PI"), as an appropriate exercise of the Court's equitable power, allows
7 Defendants to spend freely any assets acquired *after* entry of the PI that are not the
8 product of the illegal conduct alleged in the Complaint. It is chiefly to these
9 "untainted" funds that the FTC intended to refer in its Opposition. In addition, if
10 Defendants now procure a loan or a gift from a third party not implicated in the
11 wrongdoing alleged in the Complaint, such assets would also be from "non-tainted
12 sources." *See* Opp. at 16.
13    The FTC does not take the position that the line drawn by the PI on this
14 issue is required under the law, by tracing or any other doctrine. Rather, it is an
15 appropriate exercise of the Court's equitable power in these circumstances, at this
16 stage of the litigation. Thus, for example, if the FTC prevails on the merits it will
17 seek equitable monetary relief in the full amount of consumer injury (based on
18 presently available evidence, this is approximately $362 million), and it may seek
19 to collect that judgment against any and all assets the Defendants then have or may
20 thereafter acquire, until the judgment is satisfied.
21    As a final point of clarification, the FTC's position is that no moneys should
22 be released from the frozen or preserved assets to pay Defendants' litigation costs
23 or attorney's fees, whether from foreign sources or otherwise. If, however, the
24 Court determines it is appropriate to release some funds for this purpose, the FTC
25 requests that such funds come exclusively from the foreign-held assets.

**REVIEW OF DEFENDANTS' ATTORNEY'S FEES REQUESTS**

27    The Court is considering appointing the Monitor to review the
28 reasonableness of any legal fee application by Defendants. Dkt. 173, p.3. The FTC

agrees that any fee application must be reviewed for reasonableness, in addition to the other factors identified in the Court's Order. Dkt. 173, p.2.

The FTC is confident that Mr. McNamara is well suited to perform this task, drawing on his deep experience as an equity receiver. On the other hand, such a delegation would increase costs, a concern given the continued large expenditures by Defendants.

Respectfully submitted,

ALDEN F. ABBOTT
General Counsel

Dated: April 22, 2020

/s/ Andrew Hudson
Thomas M. Biesty
Rhonda Perkins
Andrew Hudson
Roberto Anguizola
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-3043 / tbiety@ftc.gov
(202) 326-3222 / rperkins@ftc.gov
(202) 326-2213 / ahudson@ftc.gov
(202) 326-3284 /ranguizola@ftc.gov

John Jacobs
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
(310) 824-4300 / jjacobs@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION