Wayne W. Call, State Bar No. 56676
  wcall@calljensen.com
Mark L. Eisenhut, State Bar No. 185039
  meisenhut@calljensen.com
William P. Cole, State Bar No. 186772
  wcole@calljensen.com
Chris C. Scheithauer, State Bar No. 184798
  cscheithauer@calljensen.com
Samuel G. Brooks, State Bar No. 272107
  sbrooks@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA  92660
Tel:   (949) 717-3000
Fax:   (949) 717-3100

Robert Corn-Revere (Admitted Pro Hac Vice)
  bobcornrevere@dwt.com
Ronald G. London (Admitted Pro Hac Vice)
  ronnielondon@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Tel:   (202) 973-4235
Fax:   (202) 973-4425

Attorneys for Defendants OTA Franchise Corporation,
Newport Exchange Holdings, Inc., NEH Services, Inc.,
Eyal Shachar, Samuel R. Seiden and Darren Kimoto

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **Federal Trade Commission**, | Case No.  8:20-cv-00287 JVS (KESx) |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION RE: RESPONSE TO RENEWED APPLICATION (ECF NO. 179)** |
| vs. | |
| **OTA Franchise Corporation**, et al., | |
| Defendants. | Complaint Filed:   February 12, 2020<br>Trial Date:   December 12, 2020 |

The Federal Trade Commission's ("FTC") application misstates the position it presented to Defendants, misstates Defendants' position, and improperly urges the Court to ignore the merits of the renewed application properly brought by Defendants. The relief the FTC requests should be denied.

First, in its meet and confer email to Defendants, the FTC proposed that it be given until "Wednesday, April 29" to respond to the current application [see Declaration of Mark L. Eisenhut ("Eisenhut Decl."), Exhibit 1 (email string ending at 4/24/20 at 2:34 PM)] – and yet in its application it now significantly expands the time it seeks to Friday, May 8, a full 15 days after it was served with Defendants' application. The Court will recall that the FTC filed more than 8,000 pages with its original TRO application, and insisted Defendants respond to such evidence within 24 hours, opposing Defendants' request to be granted a mere 2 additional court days to respond. Dkt. 23. In response to the FTC's meet and confer request, Defendants' counsel proposed the FTC file just one day earlier than it had proposed: "[i]f you will agree to respond by Tuesday, and we can have until Thursday to reply, and if you will agree to respond substantively rather than request the Court to ignore what we have presented, we would not oppose your request" (the FTC had suggested it would request the Court to ignore Defendants' application) [See Eisenhut Decl., Exhibit 1 (Eisenhut email 4/24/20 at 2:34 PM)]. The FTC refused this proposal, and now asks for far more than it even proposed to Defendants.

To the extent the Court is inclined to set a briefing schedule, the greatly expanded one proposed by the FTC is not reasonable. Further, had Defendants filed the renewed application as a fully noticed motion, the local rules would have likely given the FTC one week to file an opposition. *See* C.D. Cal. L.R. 6-1 (notice must be given twenty-eight days before hearing), 7-9 (opposition due twenty-one days before hearing). Yet the FTC is suddenly requesting more than two weeks. There is no legitimate basis for the FTC's request—it is simply seeking to further delay an application that requires a prompt decision. Defendants' proposal—that the FTC have until Tuesday to respond to

the merits of the application, and that Defendants have a reply by Thursday—was and is reasonable.

Second, to the extent the FTC contends this Court can or should simply disregard the evidence and argument presented in Defendants' renewed application, that contention must be rejected. The FTC contends that the first factor to consider in allowing frozen assets to be used to pay fees is the likelihood of success of each party. Just because the Court found a likelihood of success for the FTC in connection with the Preliminary Injunction does not mean that factor is permanently determined in the FTC's favor. The application presents new facts and arguments to demonstrate that it is OTA, not the FTC, that is likely to prevail, and such facts and argument support the release of funds to pay attorneys' fees.

In addition, while it had previously issued an order giving Defendants "up to and including Monday, April 20, 2020 to reply to the FTC's response" to the previous application, [ECF No. 146, Order at 2], the Court instead issued its order on April 20 without waiting for Defendants to file their reply. Defendants' counsel does not believe the Court intended to altogether preclude Defendants from responding to the positions taken by the FTC in its opposition. On the contrary, the order appeared to invite Defendants to file a renewed application addressing all of the issues raised by the FTC in its opposition.

Indeed, the Court invited Defendants to file a renewed application "addressing the issues raised by the Court and the FTC." While a parenthetical in the order references certain pages in the FTC's opposition, the order does not state that Defendants would be limited to responding to issues raised in those pages, or that the Court would not consider responses to the other issues raised by the FTC and mentioned in the Court's order. The Court's order itself raises all of the issues that Defendants address in their application—including each of the factors for the Court to consider in determining whether to release frozen funds for the payment of reasonable attorney's fees and litigation expenses. [See ECF No. 173, Order at 2-3].

In addition, the Court's order suggests it is inclined to grant Defendants' application to release funds for the payment of attorney's fees and expenses, at least with respect to foreign funds. Of course, if the Court already intends to grant Defendants' request to pay reasonable attorney's fees and litigation expenses (albeit from foreign funds), and the only question is the reasonableness of the fees and expenses requested, then no opposition is needed. The evidence presented by Defendants in the renewed application is more than sufficient to establish the reasonableness of those fees. Nevertheless, there is surely no harm in the Court having access to additional evidence and argument that substantively supports its decision to release the funds.

To the extent the Court's order could be interpreted as a denial of the application, it was clearly a denial without prejudice to the filing of a renewed application. Ordinarily, when an application is denied without prejudice, the party seeking relief may renew the application with additional evidentiary support. Here, that is precisely what Defendants have done.

Dated: April 24, 2020

CALL & JENSEN
A Professional Corporation
Wayne W. Call
Mark L. Eisenhut
William P. Cole
Chris C. Scheithauer
Samuel G. Brooks

By: */s/ Mark L. Eisenhut*
Mark L. Eisenhut

Attorneys for Defendants OTA Franchise Corporation, Newport Exchange Holdings, Inc., NEH Services, Inc., Eyal Shachar, Samuel R. Seiden and Darren Kimoto