Thomas M. Biesty (NY Bar No. 4172896)
(202) 326-3043 / tbiesty@ftc.gov
Rhonda Perkins (VA Bar No. 75300)
(202) 326-3222 / rperkins@ftc.gov
Andrew Hudson (DC Bar No. 469817)
(202) 326-2213 / ahudson@ftc.gov
Roberto Anguizola (IL Bar No. 6270874)
(202) 326-3284 / ranguizola@ftc.gov
600 Pennsylvania Ave., NW, CC-8528
Washington, DC 20580

Local Counsel
John Jacobs (CA Bar No. 134154)
(310) 824-4300 / jjacobs@ftc.gov
Federal Trade Commission
10990 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
(310) 824-4380 (fax)

Attorneys for Plaintiff
Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Federal Trade Commission**, <br><br> Plaintiff, <br><br> vs. <br><br> **OTA Franchise Corporation**, et al., <br><br> Defendants. | No. 8:20-CV-00287 JVS (KESx) <br><br> **STIPULATION TO ENTRY OF ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO ALL DEFENDANTS** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Relief ("Complaint"), Dkt. No. 1, for a permanent injunction, and other equitable relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15

U.S.C. §§ 53(b) and 57b, and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b. The Commission and Defendants OTA Franchise Corporation, Newport Exchange Holdings, Inc., NEH Services, Inc., Eyal Shachar, Samuel R. Seiden, and Darren Kimoto stipulate to the entry of a final order with the following terms:

## FINDINGS

1.     This Court has jurisdiction over this matter.

2.     The Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Consumer Review Fairness Act, 15 U.S.C. § 45b, in the marketing and sale of trading and investing training programs, instructional materials, and related goods and services.

3.     Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4.     Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5.     Defendants and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6.     Defendants have voluntarily dismissed with prejudice their Complaint for Declaratory and Injunctive Relief in *OTA Franchise Corp. v. Federal Trade Commission*, Case No. 1:20-cv-802 (N.D. Ill.).

7.     Defendants have held their appeal in this matter (No. 20-55356) in abeyance pending entry of this Order. Defendants stipulate that entry of this Order moots their appeal, and Defendants will dismiss the appeal within 24 hours of entry of this Order.

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

A. "**Corporate Defendants**" means OTA Franchise Corporation (also doing business as "Online Trading Academy"), Newport Exchange Holdings, Inc. (also doing business as "Online Trading Academy"), NEH Services, Inc. (also doing business as "Online Trading Academy"), and their subsidiaries, affiliates, successors, and assigns.

B. "**Covered Communication**" means a written, oral, or Pictorial review, performance assessment, or other similar analysis of goods or services, including conduct related to the goods or services.

C. "**Covered Consumer Debt**" means debt currently owed to any Corporate Defendant which was issued to a consumer who purchased Defendants' trading or investing training programs (regardless of whether such purchase was directly from a Corporate Defendant), on or before the entry date of this Order, including all unpaid interest and fees related to that debt.

D. "**Defendant(s)**" means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

E. "**Earnings Claim(s)**" means any representation to a consumer, specific or general, about income, financial gains, percentage gains, profit, net profit, gross profit, or return on investment.

F. "**Individual Defendant(s)**" means Eyal Shachar (also known as Eyal Shahar), Samuel R. Seiden, and Darren Kimoto, individually, collectively, or in any combination.

G. "**Liquidator**" means Thomas McNamara, the liquidating equity receiver appointed in Section XII of this Order, and any deputy liquidators that shall be named by Thomas McNamara.

H. "**Pictorial**" includes pictures, photographs, video, illustrations, and symbols.

I. "**Review-Limiting Contract Term**" means a standardized contract term that:

1.      prohibits or restricts the ability of a person who is a party to the contract to engage in a Covered Communication;

2.      imposes a penalty or fee against a person who is a party to the contract for engaging in a Covered Communication; or

3.      transfers, or requires a person who is a party to the contract to transfer, to any other person any intellectual property rights in a Covered Communication, with the exception of a non-exclusive license to lawfully use a Covered Communication about a Defendant's goods or services.

J.      **"Settlement Estate Assets"** means the assets identified in Sections VII.E. and VII.F. of this Order.

## ORDER

## I.      PROHIBITION CONCERNING EARNINGS CLAIMS

IT IS ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale, or selling of any good or service, are permanently restrained and enjoined from making any Earnings Claims, expressly or by implication, unless the Earnings Claim is non-misleading, and, at the time such claim is made, Defendants: (1) have a reasonable basis for the claim; (2) have in their possession written materials that substantiate the claim; and (3) make the written substantiation available upon request to the consumer, potential purchaser, or the FTC.

## II.      PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale, or selling of any good or service, are permanently restrained and enjoined from:

4

A.       Making any claim, expressly or by implication, about (1) the time or effort typically required for consumers to attain proficiency in deploying Defendants' trading strategy; (2) the time or effort typically expended by consumers using Defendants' trading strategy to attain proficiency; or (3) the amount of capital typically needed by consumers using Defendants' trading strategy, unless the claim is non-misleading, and, at the time such claim is made, Defendants: (a) have a reasonable basis for the claim; (b) have in their possession written materials that substantiate that the claim is typical for consumers similarly situated to those to whom the claim is made; and (c) make the written substantiation available upon request to the consumer, prospective client, or the FTC.

B.       Misrepresenting or assisting others in misrepresenting, expressly or by implication, that:

1.       Any consumer can attain proficiency in using Defendants' trading strategy, regardless of education, background, skills or other inherent aptitudes;

2.       Consumers can effectively use Defendants' trading strategy to make significant returns without the need to possess or deploy significant amounts of investable capital;

3.       Consumers can effectively use Defendants' trading strategy to make significant returns without spending significant time trading; or

4.       Instructors of Defendants' trading strategy are active traders who have achieved significant results through trading in financial markets; and

C.       Misrepresenting or assisting others in misrepresenting, expressly or by implication, any fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

1  **III.   PROHIBITION ON MISREPRESENTATIONS CONCERNING**
2        **SALES REPRESENTATIVES**

3  IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents,
4  and employees, and all other persons in active concert or participation with any of
5  them, who receive actual notice of this Order, whether acting directly or indirectly,
6  in connection with the advertising, marketing, promoting, or offering for sale, or
7  selling of any good or service, are permanently restrained and enjoined from:

8      A.   Identifying any commission based sales representative as an
9  "Education Counselor";

10      B.   Failing to clearly and conspicuously disclose in writing to a consumer
11  that Defendants' sales representatives' compensation is based, in whole or in part,
12  on commissions derived from consumers' purchases of Defendants' goods or
13  services.

14  **IV.   PROHIBITIONS ON RESTRICTION OF CONSUMERS'**
15        **COMMUNICATION WITH LAW ENFORCEMENT**

16  IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents,
17  and employees, and all other persons in active concert or participation with any of
18  them, who receive actual notice of this Order, whether acting directly or indirectly,
19  in connection with the sale or leasing of any good or service, are permanently
20  restrained and enjoined from including in a contract any provision that (a) prohibits
21  or restricts the ability of any person who is a party to the contract to communicate,
22  in any way, with the Commission or any other law enforcement entity, or (b)
23  imposes a penalty or fee against any person for communicating, in any way, with
24  the Commission or any other law enforcement entity.

25  **V.   PROHIBITED USE OF REVIEW-LIMITING AND RELATED**
26      **CONTRACT TERMS**

27  IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents,
28  and employees, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the sale or leasing of any good or service, are permanently restrained and enjoined from:

A.     Offering to any prospective client a contract, or offering to any client a renewal contract, that includes a Review-Limiting Contract Term;

B.     Requiring that a client accept a Review-Limiting Contract Term as a condition of any Defendant's fulfillment of its obligations under a client contract that a Defendant entered into before the effective date of this Order; or

C.     Attempting to enforce or assert the validity of any Review-Limiting Contract Term in any client contract that a Defendant entered into before the effective date of this Order.

Nothing in this Section shall require a Defendant to publish or host the content of any person, affect any other legal duty of a party to a contract, or affect any cause of action arising from the breach of such duty.

## VI.   NOTICE TO CLIENTS CONCERNING RIGHT TO POST REVIEWS

IT IS FURTHER ORDERED that Defendants must notify clients as follows:

A.     Within 30 days after the effective date of this Order, Defendants must notify all clients who entered into a contract with any Defendant that included any Review-Limiting Contract Term, such as Defendants' "Amendment and Release," used on or after March 14, 2017 through the effective date of this Order, by mailing or emailing each a notice as shown in **Attachment A**:

1.     The heading of the notice and the subject line for any email must read "Your Right to Post Honest Reviews and File Complaints," and the email must be sent to each recipient individually from an address with the tradingacademy.com domain.

2.     The Corporate Defendant's name, including the d/b/a "Online Trading Academy," and return address, for any mailing, must appear on the front of the envelope, the client's name and address must be printed on the front of the

envelope or be visible through a window in the envelope, and the words "Your Right to Post Honest Reviews and File Complaints" must be printed in easily noticed text near the client's name and address.

       3.    The notice must not include any other materials or message about a Defendant, or otherwise concern a Defendant's goods or services.

    B.    Defendants must notify consumers online:

       1.    Defendants must post a web page notice as shown in **Attachment A**, with the heading "Your Right to Post Honest Reviews and File Complaints," on a separate page on the www.tradingacademy.com website, in the same format as Defendants' other web pages relating to Defendants' trading and investing training programs, instructional materials, and related goods and services.

       2.    For as long as the web page notice is posted, Defendants must maintain a clear and conspicuous link to the web page notice and embed the link in the words "Your Right to Post Honest Reviews and File Complaints" near the top of the www.tradingacademy.com home page, the "Reviews" page, and any web pages at which purchasers input payment information for purchases of Defendants' trading and investing training programs, instructional materials, and related goods and services.

       3.    The web page notice and any link to it must, by its size, contrast, location, and other characteristics, stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

       4.    The web page notice must be posted not later than 3 days after the effective date of this Order and for at least 3 years after the effective date of this Order.

## VII.   MONETARY JUDGMENT AND PARTIAL SUSPENSION

    IT IS FURTHER ORDERED that:

    A.    Judgment in the amount of Three Hundred Sixty-Two Million Dollars

1    ($362,000,000.00) is entered in favor of the Commission against Defendants,

2    jointly and severally, as equitable monetary relief.

3        B.    Individual Defendant Eyal Shachar ("Shachar") is ordered to pay to

4    the Commission Eight Million Three Hundred Thousand Dollars ($8,300,000),

5    which, as Shachar stipulates, his undersigned counsel holds in escrow for no

6    purpose other than payment to the Commission. Such payment, as potentially

7    reduced by the provisions of Section IX.H., must be made within 7 days of the end

8    of the Election Period by electronic fund transfer in accordance with instructions

9    previously provided by a representative of the Commission.

10       C.    Individual Defendant Samuel R. Seiden ("Seiden") is ordered to pay

11   to the Commission One Hundred Fifty-Eight Thousand Dollars ($158,000), which,

12   as Seiden stipulates, his undersigned counsel holds in escrow for no purpose other

13   than payment to the Commission. Such payment must be made within 7 days of

14   entry of this Order by electronic fund transfer in accordance with instructions

15   previously provided by a representative of the Commission.

16       D.    Individual Defendant Darren Kimoto ("Kimoto") is ordered to pay to

17   the Commission Seven Hundred Thirty-Six Thousand Three Hundred Dollars

18   ($736,300), which, as Kimoto stipulates, his undersigned counsel holds in escrow

19   for no purpose other than payment to the Commission. Such payment must be

20   made within 7 days of entry of this Order by electronic fund transfer in accordance

21   with instructions previously provided by a representative of the Commission.

22       E.    In addition to the payments to the Commission specified in Subsection

23   B, above, immediately upon entry of this Order, Individual Defendant Eyal

24   Shachar and Blue White LLC are ordered to surrender to the Commission all

25   control, title, dominion and interest each has to the following assets:

26       1.    2009 Sportscoach Legend motor home;

27       2.    2012 Bentley Mulsanne, VIN: SCBBB7ZH1CC016279;

28

3.      2006 Columbia Aircraft Mfg LC41-550FG, Serial No. 41663, Aircraft Registration No. N14100;

4.      2015 Cadillac Escalade, VIN: 1GYS4TKJ7FR597571;

5.      2010 Chrysler Town & Country, VIN: 2A4R5D11AR479141;

6.      2015 KIA Sedona, VIN: KNDMA5C10F6035661

7.      2016 Dodge Grand Caravan, VIN: 2C4RDGCG7GR168781;

8.      2016 Dodge Grand Caravan, VIN: 2C4RDGCG0GR169321;

9.      2017 Dodge Caravan, VIN: 2C4RDGC0HR562186;

10.     2017 Dodge Grand Caravan, VIN: 2C4RDGCG1HR672163;

F.      In addition to the payments to the Commission specified in Subsection D above, immediately upon entry of this Order, Individual Defendant Darren Kimoto is ordered to surrender to the Commission all control, title, dominion and interest he has to the following assets:

1.      2017 Landrover Discovery, VIN: SALRHBBV3HA025641.

G.      Defendants shall deliver the assets identified in Subsections E-F above to the Liquidator's possession within 7 days of the entry of this Order.

H.      The Liquidator shall, as soon as practicable, commence the sale of the unliquidated assets identified in Subsections E-F above and surrendered pursuant to this Order using a commercially reasonable procedure. The Liquidator shall hold the surrendered assets, and the proceeds from the income produced by, and sale of, the unliquidated assets for future transfer to the Commission in accordance with further instructions from the Court.

I.      Upon delivery of the payments specified in Subsections B-D above to the Commission, and turnover of all the assets specified in Subsections E-F above to the Liquidator, the remainder of the judgment is suspended, subject to the Subsections below.

J.      The Commission's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness

of Defendants' sworn financial statements, testimony, and related documents (collectively, "financial representations") submitted to the Commission, namely:

1. the Financial Statement of Corporate Defendant OTA Franchise Corporation signed by Aaron Neilsen, Chief Financial Officer, on March 5, 2020, including the attachments, along with the supplemental disclosures signed by Aaron Neilsen on April 3, 2020 and exhibits provided to the FTC on or about April 6, 2020;

2. the Financial Statement of Corporate Defendant Newport Exchange Holdings, Inc. signed by Aaron Neilsen, Chief Financial Officer, including the attachments provided to the FTC on or about March 2, 2020 and March 5, 2020, along with the supplemental disclosure signed by Aaron Neilsen on April 3, 2020, along with all exhibits and attachments;

3. the Financial Statement of Corporate Defendant NEH Services, Inc. signed by signed by Aaron Neilsen, Chief Financial Officer, and provided to the FTC on or about March 5, 2020, including the attachments, along with the supplemental disclosures provided on or about April 6, 2020;

4. the Financial Statement of Individual Defendant Eyal Shachar signed on March 9, 2020, including the attachments, along with the supplemental information in the Declaration of Eyal Shachar re Financial Disclosures Per Section X of Preliminary Injunction provided on April 7, 2020, including all exhibits and attachments thereto;

5. the documents provided by counsel for Individual Defendant Eyal Shachar via email on March 2 and March 5, 2020;

6. the Financial Statement of Individual Defendant Samuel R. Seiden signed on March 1, 2020, including the attachments, along with the supplemental information and documents provided on March 3, March 4, and May 28, 2020, including all attachments;

7.      the Financial Statement of Individual Defendant Darren Kimoto signed on February 28, 2020, including the attachments, along with the supplemental materials and documents provided on March 3, 2020 and March 8, 2020, including all attachments;

8.      the March 5, 2020 deposition of Darren Kimoto, including all exhibits referenced during the deposition;

9.      the March 5, 2020 deposition of Samuel R. Seiden, including all exhibits referenced during the deposition;

10.     the March 5, 2020 deposition of Eyal Shachar, including all exhibits referenced during the deposition;

11.     the March 6, 2020 deposition of OTA Franchise Corporation, including all exhibits referenced during the deposition;

12.     the March 6, 2020 deposition of NEH Services, Inc., including all exhibits referenced during the deposition; and

13.     the March 6, 2020 deposition of Newport Exchange Holdings, Inc., including all exhibits referenced during the deposition.

K.      The suspension of the judgment will be lifted as to any Defendant if, upon motion by the Commission, the Court finds that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

L.      If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

**VIII.  ADDITIONAL MONETARY PROVISIONS**

IT IS FURTHER ORDERED that:

A.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.     The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.     The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.     Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.     All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## IX.   CONSUMER INDEBTEDNESS RELIEF

IT IS FURTHER ORDERED that Corporate Defendants shall:

A.     Within seven days of entry of this Order, notify each consumer with Covered Consumer Debt that the consumer may elect to require Corporate Defendants to forgive the consumer's Covered Consumer Debt, using the notification provided as **Attachment B** to this Order ("Notification"). Corporate Defendants shall send the Notification:

   1.     By electronic mail to the most recent electronic mail address of the consumer known to the Corporate Defendants; and

   2.     By United States Postal Service Priority Mail, to the most recent residential address of the consumer known to the Corporate Defendants.

   3.     The outside of the envelope and the subject of the email shall include the statement: "Notice of Right for Debt Forgiveness under Settlement in FTC v. Online Trading Academy."

B.     Corporate Defendants shall forgive all Covered Consumer Debt owed by any consumer who, within 45 days of Corporate Defendants' mailing of the Notification (the "Election Period"), requests debt forgiveness from Corporate Defendants by email or telephone.

C.     With entry of this Order, Corporate Defendants shall cease collecting on all Covered Consumer Debt and notify any collection agency or other third party collecting Covered Consumer Debt to cease such collection efforts until expiration of the Election Period. Nothing in this Agreement shall prevent Corporate Defendants or their agents from sending invoices in the ordinary course of business or receiving voluntary payments on Covered Consumer Debt during such Election Period.

D.     To the extent Corporate Defendants receive any payment for Covered Consumer Debt that was subject to a debt forgiveness request from the consumer

within the Election Period, Corporate Defendants shall, within 14 days of receipt of such a payment, refund the full payment amount to the consumer who made the timely forgiveness request.

E.     For any forgiven Covered Consumer Debt that has been reported to a Consumer Reporting Agency ("CRA"), Corporate Defendants shall, within 14 days of expiration of the Election Period request that each CRA delete the forgiven Covered Consumer Debt from the consumer's credit reporting file.

F.     Corporate Defendants shall, within14 days of sending the Notification to the applicable consumers pursuant to Subsection IX.A above, provide the FTC with a signed declaration identifying the name of each consumer to whom they sent a Notification, including: (i) mailing address; (ii) email address; (iii) telephone number; (iv) the method or methods of notification; and (v) whether any electronically or physically mailed Notification was returned undelivered.

G.     Corporate Defendants shall, within 14 days after expiration of the Election Period, provide the FTC with a signed declaration identifying each consumer that, pursuant to Subsection IX.B above, has elected to require Corporate Defendants to forgive the consumer's Covered Consumer Debt and the amount of debt forgiven as to each such consumer. In the same declaration, Corporate Defendants shall also identify any additional (i.e., not previously identified in the declaration provided to the FTC pursuant to Subsection IX.F) electronically or physically mailed Notification that was returned undelivered.

H.     For each dollar ($1.00) of Covered Consumer Debt that is forgiven as a result of a consumer election, the monetary amount owing in Section VII.B by Eyal Shachar shall be reduced by seventy-percent of one dollar ($0.70), up to a maximum reduction of four million dollars ($4,000,000.00).

X.     **CUSTOMER INFORMATION**

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, and employees, and all other persons in active concert or participation with any of

them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.    Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.    Disclosing or selling customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and sale of trading and investing training programs, instructional materials, and related goods and services.

Provided, however, that customer information need not be disposed of, and Defendants may disclose such identifying information:  (1) to the extent requested by a government agency or required by law, regulation, or court order; and (2) to companies that provide services to Corporate Defendants related to trading or investing training programs, to the extent that such persons have provided written consent for their identifying information to be provided to such companies. Such written consent will not be valid for purposes of this Order unless Corporate Defendants have identified to the person the name of the company that will receive the identifying information and the reason the information is being shared, prior to the person's execution of the written consent.

## XI.    COOPERATION

IT IS FURTHER ORDERED that Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Such Defendants must provide truthful and complete information,

evidence, and testimony. Such Individual Defendants must appear and such Corporate Defendants must cause Defendants' officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## XII.   MONITOR TERMINATION

IT IS FURTHER ORDERED that the Court-appointed monitorship is hereby terminated. Additionally, the Monitor, Thomas McNamara, is hereby directed to, within fourteen (14) days of this Order, file and serve on the parties a final application for fees and expenses. Upon this Court's Order for final payment from the assets of the Corporate Defendants, the monitorship shall terminate.

## XIII.  LIQUIDATOR

IT IS FURTHER ORDERED that Thomas McNamara is hereby appointed Liquidator for the purpose of liquidating assets and paying any net proceeds to the Commission to satisfy the monetary judgment in this Order. In carrying out these duties, the Liquidator shall be the agent of this Court, shall be accountable directly to this Court, and is authorized and directed to:

A.      Take exclusive custody, control, and possession of all Settlement Estate Assets, any income generated by such assets, and proceeds generated through the liquidation of such assets.

B.      Manage and sell the Settlement Estate Assets using a commercially reasonable procedure. The Liquidator shall hold the Settlement Estate Assets, any income generated by such assets, and the proceeds from the sale of the unliquidated assets, for future transfer to the Commission in accordance with further instructions from the Court.

C.      Take the steps Liquidator deems necessary or advisable to ensure Settlement Estate Assets are not lost, stolen, or dissipated.

D.      Maintain accurate records of all receipts and expenditures incurred as the Liquidator.

E.      Perform all acts necessary or advisable to complete an accurate accounting of Settlement Estate Assets, and prevent unauthorized transfer, withdrawal, or misapplication of said assets.

F.      Receive reasonable compensation with Court approval, for the performance of the Liquidator's duties pursuant to this Order, including duties performed by Liquidator's agents, including accountants and lawyers, for the cost of actual out-of-pocket expenses incurred by them, from the Settlement Estate Assets, at a reasonable hourly rate not to exceed the hourly rate Liquidator agreed to in his capacity as Monitor and used as the basis for prior fee applications approved by the Court.

G.      In liquidating the Settlement Estate Assets, the following provisions apply:

1.      Defendants shall cooperate fully with the Liquidator and take such other steps as the Liquidator may require in connection with the listing, marketing, and sale of the Settlement Estate Assets.

2.      Defendants shall sign any documents necessary for the sale of the Settlement Estate Assets, including, but not limited to, powers of attorney and any documents necessary to effectuate a transfer of any such assets to third parties.

3.      All ad valorem taxes, any transfer fees, recording fees, other fees, advertising, and any commissions associated with or resulting from the sale of the Settlement Estate Assets shall be paid from the proceeds of the sale(s) at the time the Settlement Estate Assets are sold.

H.      The Liquidator shall liquidate the Settlement Estate Assets and all net proceeds, after payment of any liens and necessary expenses of the Liquidator, shall be paid to the Commission. Such payment shall be made within 7 days following the Court's approval of the Liquidator's final application for compensation

and expenses, by electronic fund transfer in accordance with instructions to be pro-vided by a representative of the Commission.

**XIV.  ORDER ACKNOWLEDGMENTS**

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For 4 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all franchisees; (3) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (4) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**XV.  COMPLIANCE REPORTING**

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.      Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Individual Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.      Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.      For 10 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.      Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, each Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. The subject line must begin:  FTC v. OTA Franchise Corporation, et al., No. X200032.

## XVI.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.      All written consent forms provided pursuant to Section X, above; and

F.      A copy of each unique advertisement or other marketing material.

## XVII. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant. Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any

Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XVIII.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

_(signature)_                                             Date:  September 11, 2020.

Thomas M. Biesty
Rhonda Perkins
Andrew Hudson
Roberto Anguizola
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-8528
Washington, DC 20580
(202) 326-3043 / tbiesty@ftc.gov
(202) 326-3222 / rperkins@ftc.gov
(202) 326-2213 / ahudson@ftc.gov
(202) 326-3284 / ranguizola@ftc.gov

John Jacobs
Federal Trade Commission
10990 Wilshire Boulevard, Suite 400
Los Angeles, California 90024
(310) 824-4300 / jjacobs@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**FOR DEFENDANTS:**

Date: August ___19___, 2020.

Wayne W. Call
Mark L. Eisenhut
William P. Cole
Chris C. Scheithauer
Samuel G. Brooks
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Robert Corn-Revere
Ronald G. London
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW
Suite 800
Washington, DC 20006
Tel: (202) 973-4235
Fax: (202) 973-4425

Attorneys for Blue White LLC, and
Defendants OTA Franchise
Corporation, Newport Exchange
Holdings, Inc., NEH Services, Inc.,
Eyal Shachar, Samuel R. Seiden and
Darren Kimoto

Date: August _19_, 2020.

Eyal Shachar
Individually, as CEO of
OTA Franchise Corporation, Newport
Exchange Holdings, Inc., and NEH
Services, Inc., and as the sole member
of Blue White LLC

1 _____          Date:  August _____, 2020.

2 Samuel R. Seiden

3 _____          Date:  August __19__, 2020.

4 Darren Kimoto

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Samuel R. Seiden
2

3                                          Date: August ___, 2020.

4    Darren Kimoto

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A – CRFA Notice

The notice must be in the following form, appearing on Defendants' letterhead, email, and www.tradingacademy.com website with the underlined text completed as directed:

### Your Right to Post Honest Reviews and File Complaints

Dear Clients:

The Federal Trade Commission (FTC), the nation's consumer protection agency, in a lawsuit filed against us alleged that certain contracts we offered our Online Trading Academy clients violated the law.  According to the lawsuit, these contracts violated the Consumer Review Fairness Act (CRFA).  The CRFA protects your ability to share your honest opinions about a business's products, services, or conduct.  This includes online reviews, social media posts, uploaded photos, and videos.

The lawsuit says that provisions in our "Amendment and Release," which we required certain clients to sign in order to receive refunds, restricted our clients [for letter and email notices add "(<u>including you</u>)"] from sharing truthful information and their honest opinions about their experiences with us.  These provisions are void and we cannot enforce them against our clients.  **You can publish your honest review, even if you say something negative about us or our services.**

Our services and products are also subject to state and federal laws, and to regulation by governmental authorities.  **You can report complaints or grievances against Online Trading Academy to government agencies, law enforcement, or other appropriate entities.**

If you have questions about the case, visit [<u>add case page alias URL provided by FTC staff with embedded hyperlink</u>].

Sincerely,


[insert name]
President
Online Trading Academy

**ATTACHMENT B – Debt Forgiveness Notification**

[ONLINE TRADING ACADEMY LETTERHEAD]

[Date]

**Subject Line of Notice:** If this letter is addressed to you, it means you are eligible for debt forgiveness under the settlement in FTC v. Online Trading Academy.

Dear [consumer's name]:

The Federal Trade Commission ("FTC"), the nation's consumer protection agency, recently sued Online Trading Academy ("OTA") for deceiving people about its training programs. To settle the lawsuit, OTA has agreed to offer forgiveness of any outstanding balance owed to the OTA Corporate Defendants (OTA Franchise Corporation, Newport Exchange Holdings, Inc., and NEH Services, Inc.) and to delete this debt from people's credit reports within 60 days.

According to OTA's records, you have an outstanding account balance with OTA that is eligible for forgiveness under the terms of the settlement.

To cancel your outstanding balance, and have this debt removed from your credit report, you must email OTA at [email address] or call OTA at [phone number] within **45 days** of the date of this notice.

If you request debt forgiveness from OTA, you will not be able to participate in classes at OTA Centers or access any of OTA's online classes, products, programs, or benefits.

This settlement covers only the outstanding balance you owe directly to OTA. It does not cover any other debts you took out to pay for OTA's training programs.

If you have questions, please contact us at [email address] or [phone number].  For more information about OTA's settlement with the FTC, visit [FTC URL].

[Complimentary close]

[OTA executive name]